# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KATHLEEN FOLEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | )  Case No. 09 C 6786 |
| CAS PARTNERS, LLC and RIVERSTONE OPERATING COMPANY, INC. (a/k/a RIVERSTONE RESIDENTIAL NE, LLC and RIVERSTONE RESIDENTIAL GROUP, LLC), | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Kathleen Foley has sued CAS Partners and Riverstone Operating Company, Inc., claiming unlawful termination of her employment as a leasing manager. Foley has made a claim under the Illinois Whistleblower Act and a claim for retaliatory discharge under Illinois common law. The Court has jurisdiction based on diversity of citizenship.

The defendants have moved to dismiss Foley's retaliatory discharge claim for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court denies the motion.

### Background

The Court summarizes the pertinent allegations in Foley's amended complaint. Foley began her employment with defendants as a leasing manager in October 2007. Her primary responsibilities included overseeing the leasing of apartments at One

Superior Place in Chicago.  During her employment, Foley raised the occupancy rates of her building and received a favorable review from her superiors.

In July 2008, Foley took steps to renew her Illinois real estate leasing license.  Under the Illinois Real Estate Act, it is unlawful for any person or business to act as a leasing agent without a properly issued license.  225 ILCS 454/5-15.  As of 2008, a violation of this prohibition was a Class A misdemeanor (and a Class 4 felony for a subsequent violation) and also subjected a violator to a civil penalty. *See* 225 ILCS 454/20-80 & 20-10 (2008).  Foley learned that her license was inoperative, and as a result she was unable to renew it.  She alleges that her license was inoperative because defendants had failed to provide the state with a currently licensed managing/sponsor licensee as required by the governing statute.

Foley alleges that she contacted her direct supervisor about the licensing problem but that she did not provide a satisfactory explanation and "told Plaintiff not to worry about the matter." Am. Compl. ¶ 16.  Foley says that she then contacted defendants' human resources manager and asked for help and specifically stated that she was concerned about the civil and criminal penalties that could result from not having a license.  According to Foley, the HR manager "failed to address the issue and willfully ignored the licensing requirements" of the statute.  *Id.* ¶ 18.  Foley alleges that she continued to report defendants' violation of the licensing law to others in the company but that defendants ignored her and chose to continue violating the law.

Foley also alleges that defendants engaged in fraudulent conduct by knowingly misrepresenting the size of the apartments they leased at One Superior Place.  Specifically, she alleges, defendants' marketing materials represented the apartments'

size as 100 square feet greater than internal reports stated. Foley alleges that the overstated square footage was used to calculate each tenant's pro rata portion of the building's utility bill and that defendants thus fraudulently overcharged tenants for utilities. Foley says that her supervisor directed her not to discuss this with anyone and that when she reported this to HR representatives, defendants took no remedial action.

Foley alleges that after she reported her concerns about these issues, defendants began to retaliate against her. She says that she received a false write-up for poor performance and that defendants harassed and unjustly criticized her to make it appear she was performing poorly. On September 24, 2008, Foley alleges, she contained HR to inquire about her complaints. After she received a negative response, she contacted HR the next day, detailed her concerns again, and said that she wanted to raise her complaints with higher-ups in the company. One hour later, Foley alleges, defendants terminated her employment.

## Discussion

To survive a motion to dismiss under Rule 12(b)(6), the complaint must include enough facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949. When considering a motion to dismiss a complaint, the Court accepts the facts alleged in the complaint as true and draws reasonable inferences in favor of the plaintiff. *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 579 F.3d 811, 820 (7th Cir. 2009).

In Count 2 of the complaint, Foley asserts a claim of retaliatory discharge under Illinois common law. A claim of retaliatory discharge requires proof that the plaintiff has been discharged; in retaliation for her activities; and contrary to a clear mandate of public policy. *See*, *e.g.*, *Turner v. Memorial Medical Center*, 233 Ill. 2d 494, 500, 911 N.E.2d 369, 374 (2009).

The tort of retaliatory discharge has a narrow scope in Illinois law. Illinois courts adhere to the proposition that an employer can "discharge an employee-at-will for any reason or for no reason" except when the discharge violates a clearly mandated public policy. *Barr v. Kelso-Burnett Co.*, 106 Ill. 2d 520, 525, 478 N.E.2d 1354, 1356 (1985). "[A] matter must strike at the heart of a citizen's social rights, duties, and responsibilities before the tort will be allowed." *Palmateer v. International Harvester Co.*, 85 Ill. 2d 124, 130, 421 N.E.2d 876, 878-79 (1981).

The Seventh Circuit has stated that "the tort [of retaliatory discharge] has been narrowly construed in Illinois to include only discharges in retaliation for certain activities, such as reporting an employer's criminal violations, or violations of health and safety standards." *Darchak v. City of Chicago Bd. of Educ.*, 580 F.3d 622, 628-29 (7th Cir. 2009) (citations omitted). Foley alleges that she was discharged from employment in retaliation for raising concerns about criminal violations. As noted above, violations of the license requirements of the Illinois Real Estate Act carried criminal penalties at the time. 225 ILCS 454/20-80 (2008). In addition, Foley's allegation that defendants knowingly overcharged tenants for utilities by charging pro rata payments based on overstated apartment square footage suggests the crime of theft by deception. 720 ILCS 5/16-1(a)(2). There is no legitimate question that these statutes represent clearly

4

defined Illinois public policy. *See, e.g.,* 225 ILCS 454/1-5 (purpose of Real Estate Act); *id.* 20-120 (attorney general or state's attorney can sue to enjoin violation of Real Estate Act).

Because Foley alleges that she was discharged for reporting criminal violations of Illinois law, she has stated a claim of retaliatory discharge. The Court thus need not address at this time her contentions that Illinois public policy was also implicated by defendants' alleged violation of the federal Lanham Act and the Illinois Consumer Fraud Act.

## Conclusion

For the reasons stated above, the Court denies defendants' motion to dismiss Count 2 of the amended complaint [docket no. 17]. Defendants are directed to answer Count 2 by no later than March 30, 2010.

_____
   MATTHEW F. KENNELLY
   United States District Judge

Date: March 15, 2010